IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONALD CORDOVA,

    Plaintiff,

vs.                                                                    No.

OFFICER JOSEPH GALLEGOS
and OFFICER ALEXANDER BENNETT,
in their official and individual capacities
of the New Mexico State Police Department,
NEW MEXICO STATE POLICE DEPARTMENT,
and JOHN DOES 1 through 5,

    Defendants.

## NOTICE OF REMOVAL

COME NOW the Defendants Joseph Gallegos, Alexander Bennett and New Mexico State Police Department (collectively, "Defendants"), by their undersigned counsel, and hereby remove this civil action from the Eighth Judicial District Court of the State of New Mexico, County of Taos, where it is pending as No. D-820-CV-2019-00305, to the United States District Court for the District of New Mexico.

THE GROUNDS for removal are that the attached "Complaint for Civil Rights Violations, State Torts and Damages" (hereinafter, "Complaint") is a civil action founded upon a claim or right arising under the United States Constitution and/or the laws of the United States, as to which the United States District Court has original jurisdiction over pursuant to 28 U.S.C. § 1331, and the action therefore is removable pursuant to 28 U.S.C. § 1441.

On July 31, 2019, Defendants were served with Summonses and the Complaint in Case No. D-820-CV-2019-00305, which constituted the receipt of a copy of the initial pleading setting forth the claim for relief upon which the civil action is based, within the

meaning of 28 U.S.C. § 1446(b).

A true and correct copy of the Complaint in the civil action, Cause No. D-820-CV-2019-00305, is attached hereto as Exhibit 1.

Defendants through their counsel hereby certify compliance with the notice and filing requirements of 28 U.S.C. § 1446(d).

Respectfully submitted,

**LAW OFFICE OF MICHAEL DICKMAN**

By: **/s/ Michael Dickman**
    **MICHAEL DICKMAN**
Post Office Box 549
Santa Fe, New Mexico 87504
505-989-9360
mikedickman@yahoo.com
**Attorney for Defendants
Joseph Gallegos,
Alexander Bennett and
New Mexico State Police Dep't**


**CERTIFICATE OF SERVICE**

I certify that I emailed a true copy of this document to

Kathryn J. Hardy, Esq.
Attorney for the Plaintiff
kathryn@alanslaw.com

on the date of filing hereof

**/s/ Michael Dickman**
**MICHAEL DICKMAN**

FILED
8th JUDICIAL DISTRICT COURT
Taos County
7/12/2019 12:39 PM
BERNABE P. STRUCK
CLERK OF THE COURT
AMK

STATE OF NEW MEXICO
COUNTY OF TAOS
EIGHTH JUDICIAL DISTRICT

RONALD CORDOVA,   CASE NO. D-820-CV-2019-00305

        Plaintiff,

v.

OFFICER JOSEPH GALLEGOS, and
OFFICER ALEXANDER BENNETT, in
their official and individual capacities of the
New Mexico State Police Department, and
NEW MEXICO STATE POLICE
DEPARTMENT, and John Does 1 through 5,

        Defendants

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, STATE TORTS, AND DAMAGES

Plaintiff RONALD CORDOVA, by and through his attorneys Alan Maestas Law Office, P.C., brings this complaint for violation of civil rights under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, state torts pursuant to the New Mexico Tort Claims Act NMSA § 41-4-1 *et. seq.*, and damages, and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter and the parties to the action, as Plaintiffs' claims are brought under the laws of the State of New Mexico and federal laws of which the state courts have not been divested of jurisdiction, and Defendants reside in the State of New Mexico.

2. Plaintiff resides in Taos County, State of New Mexico, thus, venue is proper. See NMSA 1978, § 38-3-1.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, STATE TORTS, AND DAMAGES    Page 1 of 7
*RONALD CORDOVA v OFFICER JOSEPH GALLEGOS, ET AL.*

EXHIBIT 1

## PARTIES

3. Plaintiff, Ronald Cordova ("Plaintiff"), is a resident of Taos County, New Mexico.

4. Defendant Officers Joseph Gallegos and Alexander Bennett were, at all relevant times herein to the incident, law enforcement officers, employed by the Defendant New Mexico State Police Department, a governmental agency operated in the State of New Mexico.

5. New Mexico State Police Department, a governmental agency operated in the State of New Mexico.

6. Does 1 through 5.

## FACTUAL BACKGROUND

7. On or about July 13, 2017, Plaintiff was returning in his vehicle, to the home he resides in, located in or near Taos, New Mexico, and found a truck parked at his residence upon his arrival with someone in it.

8. Plaintiff pulled up next to the truck and asked the driver, officer Defendant Officer Joseph Gallegos ("Defendant Gallegos"), who was sitting in the truck, what he was there for and Defendant Gallegos responded by asking Plaintiff if he lived at that residence and commanded him to park his vehicle in his yard.

9. Then Defendant Gallegos told Plaintiff that he was an officer who investigates reports of stolen U-Haul trailers, and that there was a U-Haul trailer in the yard of Plaintiff's residence that he was there to investigate.

10. Plaintiff told Defendant Gallegos that the U-Haul trailer was his father's trailer and it was not stolen. When Defendant Gallegos told Plaintiff he was going to take the trailer, Plaintiff responded by asking Defendant Gallegos if he had a warrant to take the trailer, to which

Defendant Gallegos responded that he did not have a warrant or need one to take the trailer. Plaintiff then told Defendant Gallegos that he should speak to his fathe, Manuel Cordova, before he takes the trailer. Defendant Gallegos began speaking to Manuel Cordova on the phone at that time.

11. While Defendant Gallegos was speaking on the phone with Manual Cordova, Defendant Officer Bennett ("Defendant Bennett") approached Plaintiff and asked him for his identification. Plaintiff gave Defendant Bennett his ID. At which time Defendant Bennett and Plaintiff had a brief exchange of words followed by Defendant Bennett calling Plaintiff a "little asshole" and then grabbing Plaintiff by the shirt, pinching him in the shoulder area hard enough to leave a scratch mark on Plaintiff, which was painful and scared Plaintiff.

12. Plaintiff responded to Defendant Bennett's actions by heading towards his residence. In response, Defendants Gallegos and Bennett chased Plaintiff, tackled him down to the ground and put their weight on his neck, pressing him into the ground.

13. Plaintiff's hands were placed behind his back and Plaintiff's face was directly pressed into the ground and into the dirt. Defendants Gallegos and Bennet repeatedly pushed Plaintiff's face into the dirt whenever he would try to move it in order to breathe air because otherwise he was breathing dirt into his mouth, nose and lungs. During this time Defendants Gallegos and Bennet were also kicking and punching Plaintiff. This occurred for several minutes and Plaintiff was yelling for help during this time.

14. After this, Defendants Gallegos and Bennet put Plaintiff in the back of a police vehicle.

15. The handcuffs Defendants put on Plaintiff were very tight. Plaintiff complained about their tightness but Defendants did not loosen his handcuffs for approximately 30 minutes.

This left cuts, bruising and/or marks on his arms where the handcuffs had been too tight on his arms or wrists. Plaintiff also received a broken thumb and had overall bruising.

16. Plaintiff was handcuffed in the Defendant's police vehicle for at least an hour. Then Defendants brought Plaintiff and his father to the State Police station, followed by the Taos County Adult Detention Center, where Plaintiff was booked.

17. Plaintiff suffered emotional distress from the Defendant officers' unlawful battery of him.

## COUNT I: SECTION 1983 CLAIM FOR EXCESSIVE USE OF FORCE IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANTS JOSEPH GALLEGOS, ALEXANDER BENNETT, AND JOHN DOES 1-5

18. Plaintiff incorporates all paragraphs above herein.

19. Plaintiff was seized for all times relevant herein.

20. Defendants' use of force on Plaintiff was excessive and in violation of his rights under the Fourth and Fourteenth Amendments of the US Constitution.

21. Plaintiff was injured and damaged from the Defendants' use of excessive force.

22. Actions taken by Defendants in their individual capacities involved reckless and/or callous indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff requests compensatory and punitive damages against Defendants Gallegos and Bennet, together with all costs and attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT II: SECTION 1983 CLAIM FOR UNLAWFUL SEIZURE AND ARREST IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANTS JOSEPH GALLEGOS, ALEXANDER BENNETT, AND JOHN DOES 1-5

23. Plaintiff incorporates all paragraphs above herein.

24. Plaintiff was seized for all times relevant herein.

25. Defendant Bennett conducted an investigatory of Plaintiff stop without reasonable suspicion, which violated Plaintiff's rights to be free from unreasonable seizure.

26. Defendant Bennett and Defendant Gallegos then arrested Plaintiff without a warrant or probable cause to arrest him. Thereby violating Plaintiff's right to be free from unreasonable seizure.

27. Plaintiff was injured and damaged from the Defendants' unreasonable seizures.

28. Actions taken by Defendants in their individual capacities involved reckless and/or callous indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff requests compensatory and punitive damages against Defendants Gallegos and Bennet, together with all costs and attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT III: DAMAGES PROXIMATELY CAUSED BY THE VIOLATION OF FEDERAL AND STATE CONSTITUTIONAL RIGHTS, AND *VIA* INTENTIONAL TORTS, AGAINST ALL DEFENDANTS

29. Plaintiff incorporates all paragraphs above herein.

30. Plaintiff was seized for all times relevant herein.

31. Defendants owed duties of reasonable care to Plaintiff and committed intentional torts against Plaintiff on July 13, 2017, including assault and battery against Plaintiff.

32. The Federal and New Mexico constitution both require that a person be free from unreasonable seizure. *See* U.S. Const., 4th Amend; and New Mexico's more expansive Const., Article II, Section 10.

33. Defendants Gallegos and Bennet committed intentional torts against Plaintiff, including assault, battery, and also violated Plaintiff's rights under the Federal and New Mexico Constitutions, to be free from unreasonable seizure. Said violations resulted in great bodily and personal injury to Plaintiff, including emotional distress.

34. Plaintiff's injuries were foreseeable to Defendants.

35. Defendants Gallegos and Bennet are liable under NMSA Section 41-4-12 for Plaintiffs' personal injury, bodily injury, assault and battery, and other damages as set forth above and below because said injuries were proximately caused by Defendants' violations of Plaintiffs' 4th Amendment and Article II, Section 10 rights to be free from unreasonable seizure and also caused by the respective intentional torts committed by Defendants.

36. Defendants New Mexico State Police Department, as the employers of Defendants Gallegos and Bennett, are vicariously liable for torts they committed within the course and scope of their duties as law enforcement officers.

37. Alternatively, Defendants Gallegos and Bennett were acting beyond the scope of their duties as law enforcement officers when they committed their intentional torts for which their immunity is waived.

WHEREFORE, together with all costs and attorney's fees allowed by law, Plaintiff requests the maximum liability allowed under NMSA Section 41-4-19 for all damages applicable to Plaintiffs' injuries including but not limited to personal injury damages and related medical

expenses and property damage; and to the extent any of the Defendants are found to have been acting beyond the scope f their duties, compensatory, exemplary and punitive damages against said Defendants.

## JURY DEMAND

38. Plaintiff herein demands a trial by a six-person jury on all counts so triable.

## PRAYER FOR RELIEF

ACCORDINGLY, Plaintiff seeks relief from the Court as follows:

1) Award Plaintiff's compensatory, exemplary, punitive, and statutory damages to the extent permitted by law for Plaintiff's damages and injuries including personal injuries, encompassing pain and suffering, humiliation and embarrassment, and psychological and multiple other damages, including property damages, to be proven at trial;

2) Award Plaintiff's costs and expenses, including reasonable attorney's fees under 42 U.S.C. Section 1988 and to the extent permitted by law under Plaintiff's state tort claims; and

3) Award such other and further relief as is just and proper.

Respectfully submitted,

ALAN MAESTAS LAW OFFICE, P.C.

/s/ *Kathryn J. Hardy*
KATHRYN J. HARDY
*Attorneys for Plaintiff*
224 Cruz Alta Road, Suite H
Taos, NM 87571
Telephone: (575) 737-0509
Facsimile: (575) 758-2497
E-mail: kathryn@alanslaw.com